**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **PLATEPASS, L.L.C.,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **vs.** | § | **Case No. H-08-3531** |
| | § | |
| **HIGHWAY TOLL ADMINISTRATION, L.L.C.,** | § | **Jury Trial Demanded** |
| | § | |
| | § | |
| ***Defendant.*** | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Highway Toll Administration, L.L.C. ("HTA") responds to the Complaint for Patent Infringement ("Complaint") of Plaintiff PlatePass, L.L.C. ("PlatePass" or "Plaintiff") as follows:

**HTA'S ANSWER TO PLAINTIFF'S COMPLAINT**

1. HTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

2. HTA admits the allegations of Paragraph 2.

3. HTA admits that Plaintiff purports to allege an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

4. At this time, HTA does not contest this Court's subject matter jurisdiction over Plaintiff's patent infringement claims.

5. HTA admits that it has solicited business in the State of Texas, has transacted business within the State of Texas and attempted to derive financial benefit from residents of the State of Texas. HTA denies the remaining allegations of Paragraph 5.

6. HTA admits the allegations of Paragraph 6

7. HTA denies the allegations of Paragraph 7.

8. HTA admits that venue is technically proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) but denies, pursuant to 28 U.S.C. § 1404, that it is the most convenient forum for the parties and witnesses, none of whom are located in this district. HTA believes that this case should be transferred to the United States District Court for the Eastern District of New York, which would be a far more convenient forum for the parties and witnesses.

9. In response to Paragraph 9, HTA admits that the face of U.S. Patent No. 6,127,938 ("the '938 patent") indicates that the United States Patent and Trademark Office issued the '938 patent on October 3, 2000, and that the '938 patent is entitled "Adjustable Shield for Vehicle Mounted Toll Collection Identifier." HTA also admits that a copy of the '938 patent was attached as Exhibit A to the Complaint. HTA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore denies the same.

10. HTA denies the allegations of Paragraph 10.

11. HTA admits the allegations of Paragraph 11.

12. HTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13. HTA denies the allegations of Paragraph 13.

14. HTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 concerning purported communications between PlatePass and Avis Budget Group, Inc. and therefore denies the same. HTA denies the remaining allegations of Paragraph 14.

15. HTA denies the allegations of Paragraph 15.

16. HTA denies the allegations of Paragraph 16.

17. HTA denies the allegations of Paragraph 17.

18. HTA denies the allegations of Paragraph 18.

**PRAYER FOR RELIEF**

19. HTA incorporates herein by reference its Answers to Paragraphs 1 through 18 of Plaintiff's Complaint and denies that Plaintiff's are entitled to any relief or judgment against HTA.

**AFFIRMATIVE DEFENSES**

HTA asserts the following defenses to the causes of action asserted in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. HTA has not and does not directly or indirectly infringe any valid and enforceable claim of the '938 patent, either literally or under the doctrine of equivalents.

3. The '938 patent, and each claim thereof, is invalid for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

4. The '938 patent is unenforceable as a result of inequitable conduct committed by an individual or individuals associated with the filing and/or prosecution of the patent application relating to the '938 patent.

5. The '938 patent is unenforceable because Plaintiff has misused the '938 patent by attempting to enforce it despite knowing that it is invalid and unenforceable.

6. Plaintiff's claim for patent infringement is barred against HTA under the doctrine of intervening rights.

7. HTA reserves the right to add to or amend this list of Affirmative Defenses with additional defenses that discovery may yield.

## COUNTERCLAIMS

1. HTA is a limited liability company organized and existing under the laws of the State of New York.

2. Upon information and belief, PlatePass is a corporation organized and existing under the laws of the State of Delaware.

3. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4. Venue is technically proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400 but HTA believes that this case should be transferred, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Eastern District of New York, which would be a far more convenient forum for the parties and witnesses.

5. On January 12, 2009, HTA filed a declaratory judgment action against PlatePass in the Eastern District of New York, alleging non-infringement, invalidity and unenforceability of the '938 patent.

6. Plaintiff has asserted that HTA infringes the '938 patent. An actual controversy exists between HTA and Plaintiff over alleged infringement, invalidity and unenforceability of the '938 patent.

**FIRST COUNTERCLAIM – NONINFRINGEMENT OF THE '938 PATENT**

7. HTA incorporates and realleges Counterclaim Paragraphs 1 through 6 as though fully set forth herein.

8. HTA has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '938 patent, either literally or under the doctrine of equivalents.

9. HTA seeks a declaratory judgment that it has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '938 patent, either literally or under the doctrine of equivalents.

**SECOND COUNTERCLAIM – INVALIDITY OF THE '938 PATENT**

10. HTA incorporates and realleges Counterclaim Paragraphs 1 through 9 as though fully set forth herein.

11. The '938 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

12. HTA therefore seeks a declaratory judgment that each claim of the '938 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

## PRAYER FOR RELIEF

HTA respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. An order and judgment declaring that HTA does not infringe any claim of the '938 patent;

b. An order and judgment declaring that the claims of the '938 patent are invalid and/or unenforceable;

c. Dismissal of the Complaint with prejudice; and

d. Any other relief that the Court may deem appropriate and just under the circumstances.

Dated: January 12, 2009

Respectfully submitted,

GREENBERG TRAURIG, L.L.P.

BY: ____/s/Mary-Olga Lovett__________

Mary-Olga Lovett
State Bar No.: 00789289
Fed. Bar No.: 17743
E-Mail: lovettm@gtlaw.com
1000 Louisiana, Suite 1800
Houston, Texas 77002
Telephone: 713/374-3500
Facsimile: 713/374-3505

Of counsel:

Scott J. Bornstein
E-Mail: bornsteins@gtlaw.com
Allan A. Kassenoff
E-Mail: kassenoffa@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200

Facsimile: (212) 801-6400

**ATTORNEYS FOR HIGHWAY TOLL ADMINISTRATION, L.L.C.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule LR5.1 on this 12 day of Jan. 2009. Any other counsel of record will be served by facsimile transmission and first class mail.

s/Mary-Olga Lovett