UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

Platepass, L.L.C.,

    Plaintiff,

versus

Highway Toll Administration, L.L.C.,

    Defendant.

§
§
§
§
§
§
§
§
§

Civil Action: H-08-3531

## Opinion on Claim Construction

1. *Introduction.*

Platepass, LLC, and Highway Toll Administration, LLC, serve rental car companies by furnishing equipment and service for the automatic payment of tolls. Part of the equipment they install are *electronic vehicle identifying transmitters* – or toll-tags – and the holders for those tags. These automatically pay tolls when the driver passes through a toll-booth.

Platepass claims Highway infringed on its patent for a toll-tag holder used in rental cars. The parties dispute the meaning of the claims.

2. *Holder.*

Platepass's holder is a box that is partly made of a material that shields the tag from communicating with toll stations when the box is closed. A driver may choose to open the holder, paying the toll with the tag, or close the holder so the tag is shielded, paying the toll with cash. It is an off-and-on switch for the tag. When the driver pays with the tag, Platepass gets a part of the fee charged by the rental car company.

3. *Law.*

A patent is a government grant of a monopoly on the particular structure and use of something that is novel and useful. It defines an inventor's property interest in her invention. Claims in a patent are like metes and bounds in a title; they define the boundaries of the property. They must be exact, telling the public what is still open to them.

Usually a court applies the common meaning of words in a claim. When parties dispute the meaning of words, the court must construe them in the context of the entire patent to determine their scope. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 388-90 (1996).

If a claim expresses a way of doing something without having specified a structure to do it, the claim is limited to the structures described in the specifications and other structures like them. Use of the word *means* in a claim implies the inventor wanted the claim construed this way. *See* 35 U.S.C. § 112 (2000); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1311 (Fed. Cir. 2005).

Platepass says that their ordinary meaning should apply because it is clear.

4. *Claim 11.*

   A. *Electronic Vehicle Identifying Transmitter.*

Highway says this limits use of the holder to tags that identify the particular car it is mounted in. Functionally, though, a tag does not identify the particular vehicle passing through the gate. Instead, the tag is linked to a bank or other account. The identification is of what or who to be debited – not the make and model of the vehicle at the booth. The patent does not require the tag to be mounted in the car it identifies.

   B. *Drawer for Slidable Engagement.*

Platepass says that the meaning of *drawer* includes compartments that pivot on a hinge. Highway says that the drawer must slide on grooved channels and have a hole in the middle of it.

The ordinary definition of a drawer is a box that slides in and out of a larger box as a frame. It does not pivot, it does not necessarily slide on grooved channels, and it does not require a hole through the bottom. If a drawer were to require a hole, then most drawers would be useless.

   C. *Formed of Shielding Material.*

Highway says that *formed* means *molded*. The word *molded* implies something made entirely of one material poured or extruded; a candle is *molded* out of wax. The patent does not limit the creation of the holder this way, but it may be formed using different materials like

metal and plastic and glued, taped, or soldered. The shielding material must be what prevents the transmission of electronic signals.

D. *Manually Moving.*

Highway says this claim should be construed as a "means-plus-function." It does not need to be construed that way because the claim specifically identifies a structure and how it moves; a drawer that moves manually. The way to operate the holder is by hand-pulling or hand-pushing the drawer open and closed.

5. *Claims 12 & 13: Attachment Means.*

The parties agree that the holder is attached to the vehicle by "elements that mate together or an adhesive." The holder is stuck to the windshield or put in a secondary holder that is somehow affixed to the car.

6. *Claim 14: Formed of Plastic Having Shielding Properties.*

Highway asks the court again to construe the word *formed* to mean *molded*. It does not. Under this claim, the holder is made out of a plastic that shields.

7. *Claim 15: Stop Means.*

This claim is in "means-plus-function" format. The function of a *stop means* is to prevent the drawer that holds the toll-tag from falling out of the holder. The structure that stops the drawer is a raised portion of the holder or stopper.

Signed on August 30, 2010, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge